Encarnación, Demandante y Apelante *v.* El Banco Comercial de Puerto Rico, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª. en causa sobre entrega de depósito y daños y perjuicios.

No. 1346.—Resuelto en noviembre 10, 1915.

Depósitos—Orden para Retirar Fondos en Depósito—Condiciones Razonables—Orden Verbal.—Un banco está obligado a entregar los fondos de

su depositante por virtud de orden debidamente emanada de éste, teniendo derecho el banco a exigir condiciones razonables y pudiendo prescindir de ellas hasta el extremo de aceptar una orden verbal.

ID.—FALTA DE FORMALIDADES EN LA ENTREGA DE FONDOS EN DEPÓSITO—AUTO-RIZACIÓN.—Un depositante no tiene derecho a quejarse de la falta de forma-lidades de un banco en la entrega de fondos, si dicho depositante dió la debida autorización. Las formalidades se entiende que son en favor del banco.

FIRMAS—TESTIGOS PARA ACREDITAR UNA FIRMA.—De acuerdo con el artículo 392 del Código Político y la jurisprudencia establecida por esta corte en el caso de *Vendrel* v. *Pellot,* 21 D. P. R. 149, es suficiente la firma de un testigo para acreditar la de otra persona.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Trujillo Güil.*

Abogado del apelado: *Sr. Antonio Sarmiento.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

Los hechos esenciales que alega la demandante en este caso son que Ignacia Encarnación tenía un depósito en cuenta corriente en el Banco de Puerto Rico de $650 y que al ir a retirar cierta cantidad le manifestaron que solamente le que-daba un saldo de cincuenta dólares, por lo que anticipando la defensa afirma que nunca autorizó a nadie para sacar can-tidad alguna de sus referidos depósitos.

En la contestación en cambio se alega que no sabiendo escribir Ignacia Encarnación autorizó a Domingo Pérez para retirar en todo o en parte los fondos que estaban a su nombre y que en catorce de mayo, 1914, por medio de un cheque que suscribió dicho Pérez, éste retiró la suma de seiscientos dó-lares. La contestación expresa además que la demandante dió su consentimiento a la operación significando con ello que ella ratificó el acto, pero la supuesta prueba de dicha ratificación no nos convence de que ella a sabiendas ratificó el acto de Domingo.

La verdadera cuestión en este caso era si Ignacia Encar-nación dió el debido poder a Domingo Pérez para retirar sus fondos. Por relacionarse con esta cuestión, la deman-dante ofreció prueba tendente a mostrar que en otra ocasión, o sea cuando ella efectivamente retiró la suma de cincuenta

dólares, que fué el saldo aceptado por el banco, éste exigió varias condiciones o formalidades, tales como firmar en presencia de los empleados del banco y estar la demandante en persona en el banco y otras por el estilo. Pero si la autorización conferida primeramente a Pérez era clara el hecho de no tomar el banco gran precaución en hacer que Pérez acreditara su poder o su cheque no podía establecer ninguna diferencia. El banco está obligado a entregar los fondos de un depositante por virtud de la debida orden del depositante. Tiene el derecho de exigir ciertas condiciones razonables para retirar cantidades y puede prescindir de las mismas hasta el extremo de aceptar una orden verbal. 3 Ruling Case Law, sec. 171, Title Banks. Las formalidades son en favor del banco. Un depositante no tiene derecho a quejarse de la falta de formalidades si dicho depositante dió la debida autorización.

Examinando los hechos desarrollados en el juicio encontramos que hubo prueba tendente a mostrar que Ignacia Encarnación no sabiendo escribir, dió un poder a Domingo Pérez el cual fué firmado por ella por medio de una cruz que hizo según se alega, a presencia de dos testigos. Es verdad que uno de estos testigos declaró que él no conocía a la demandante, que nunca la había visto escribir y que firmó el documento en cuestión para complacer a Domingo Pérez en quien tenía confianza y al otro testigo que firmó. El otro testigo que también firmó el documento hizo un relato detallado acerca de cómo se firmó el documento. Es suficiente con un testigo para acreditar la firma de otra persona. Artículo 392 del Código Político, *Vendrell* v. *Pellot*, 21 D. P. R., 149. Si es auténtica la suficiencia del poder no hay gran discusión sobre ella. Aunque la demandante negó que jamás hubiera suscrito el supuesto poder, la cuestión de hecho que de tal modo fué promovida era un conflicto que había de ser resuelto por el juez de la corte inferior. Sin embargo, de conformidad con la súplica del demandado y considerando los hechos según han sido narrados en relación

con otras circunstancias del caso, estamos convencidos de que la preponderancia de la prueba estaba a favor del demandado.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no intervino.